KEINER *v.* THE WHEELING & LAKE ERIE RY. CO.

410

(Decided March 25, 1930.)

Messrs. *Sheck & Stevens,* Mr. *Herman E. Werner,* and Mr. *Daniel C. Funk,* for plaintiff in error.

Messrs. *Lynch, Day, Pontius & Lynch,* and Messrs. *Critchfield, McSweeney & Critchfield,* for defendant in error.

WASHBURN, J.  Ezra Keiner sued the Wheeling & Lake Erie Railway Company to recover damages for an injury suffered by him when he was struck by a train of the company at a highway crossing. At the close of all the evidence, the trial court granted the motion of the defendant for a directed verdict in its favor, on the ground that the plaintiff was guilty of contributory negligence as a matter of law.

It is well settled that when such motion was made the court was without power to weigh the evidence, and was required to consider as proved all facts favorable to the plaintiff which any of the evidence tended to prove, and was also required to consider

as proved such reasonable inferences favorable to the plaintiff as the facts proved warranted.

"The evidence should be given the most favorable interpretation in behalf of plaintiff, and, if a reasonable inference may be drawn from such evidence that the decedent was exercising due care, such motion should be overruled and the question of contributory negligence submitted to the jury, under proper instructions." *Babbitt* v. *Say, Admr.*, 120 Ohio St., 177, 165 N. E., 721.

Plaintiff was riding in a heavily loaded large truck as a guest of the driver, and was sitting on the front seat at the right of the driver. The truck was approaching the railway crossing from the south, going north and down grade on Main street in the village of Orrville. The train, which consisted of a gasoline-electric engine with two cars, approached the crossing from the east. From the direction in which the truck approached the crossing, the view of the track upon which the train was approaching was almost completely obstructed by buildings to a point 25 feet south of the south rail of the track, and from said building to near the track there was a bank parallel with the highway, on the east side thereof, more than five feet high, which interfered to some extent with the view of the east towards the approaching train after the truck got within 25 feet of the track.

The plaintiff testified that he knew about the railroad track, and knew that the truck was approaching the same, and that when the truck reached the point 25 feet south of the track, where the buildings no longer obstructed the view to the east, he was looking to the east for the approach of a train,

but did not see said train approaching until the train and the truck were very close to the point of collision upon said crossing.

The defendant offered testimony that a person standing in the center of the highway, 25 feet south of the track, could look over said embankment and see a train approaching from the east for a distance of approximately 300 feet; but there was no evidence as to how high the truck seat was above the highway.

There was a signal bell at said crossing, and there was testimony that it was ringing and testimony that it was not ringing. There was testimony that the whistle on the train was blown, and that the bell was rung, and testimony that the whistle was not blown and that the bell was not rung. There was testimony that the truck was traveling only three or four miles an hour, and other testimony that it was traveling much faster. There was also a conflict in the testimony as to the speed of the train, and there was testimony showing that vehicles on the highway on the opposite side of the railroad track, going south, stopped for the train to pass.

The theory of the defendant company, which the trial court apparently adopted, is that a guest in an automobile is required, as a matter of law, when the automobile approaches a known railroad crossing, to look and listen for the approach of a train, and that he must look and listen from a point and at a time that will make his looking effective to apprise him whether danger is near or not, and that, even though he testifies he looked and listened and neither saw nor heard an approaching train, if the only conclusion that can reasonably be reached upon the evidence is that there is no doubt that, had he looked,

he must have seen the approaching train in time to avoid injury, he is guilty of contributory negligence as a matter of law.

It is conceded that such is the rule applied by our Supreme Court to a driver of a vehicle upon a public highway. *Detroit, T. & I. Rd. Co. v. Rohrs,* 114 Ohio St., 493, 151 N. E., 714.

But the Supreme Court has not yet determined that the duty of a guest in an automobile being driven upon the public highway, and approaching a known railroad crossing, is the same as the duty of the driver of the automobile. On the contrary, the Supreme Court has distinctly recognized that the duty of a guest in an automobile in reference to looking and listening to avoid dangers incident to crossing a railroad track is not the same as the duty of the driver with whom the guest is riding. Such distinction is recognized in the case of *Toledo Rys. & Light Co. v. Mayers,* 93 Ohio St., 304, 112 N. E., 1014, where it is stated in the syllabus: "Though plaintiff was required to exercise ordinary care for his own safety and to reasonably use his faculties of sight and hearing to observe and avoid the dangers incident to crossing such track, an instruction that he 'was not exonerated from any duty at all by reason of the fact that he himself was not driving the machine' is erroneous." The plain inference to be drawn from the above case is that, in determining whether or not a guest in an automobile has exercised ordinary care for his own safety, consideration must be given to the fact that he is not operating the automobile and does not have the right to direct and control its operation.

In that case, which in many respects is similar to

the case at bar, the court in the opinion, at page 311 of 93 Ohio State, 112 N. E., 1014, 1016, set forth the duty of the plaintiff in the following language: ''Plaintiff, seated as he was beside the driver, with apparently equal opportunity to observe impending dangers, and within easy access so as to readily communicate to the driver the result of his observations, was required to so use his faculties of sight and hearing to discover dangers incident to such crossing and apprise the driver thereof as would a person of reasonable and ordinary prudence under the same or similar circumstances.''

In the instant case the circumstances were such that reasonable minds might differ as to whether the plaintiff exercised ordinary care; his view was almost totally obstructed until he was within 25 feet of the track, and we do not know how high above the street the seat of the truck was, and therefore we do not know to what extent the embankment obstructed the view of plaintiff while he was going that 25 feet, but it is probable that it partially obstructed or interfered with his view until he was almost upon the track; then again, there being a conflict in the evidence, the speed of the truck was undetermined and could not be determined by the trial judge, and therefore we do not know how much time plaintiff had in which to look, but it was only a few seconds at the most, and moreover it is mere conjecture as to what, if anything, he could have done to avoid the injury if he had looked and seen the approaching train at the earliest time at which the defendant claims the plaintiff could have seen the same.

With all the circumstances in mind we do not think that a trial judge would be justified in finding

that, if plaintiff had looked, he must have seen the approaching train in time to have avoided the injury; considering the uncertainty as to the speed of the truck, the uncertainty as to the speed of the train, the lack of definite knowledge as to how much the embankment obstructed or interfered with the view, the short time in which the plaintiff could see to the east, and the uncertainty as to whether he could have done anything which would have avoided the injury, and having in mind that the evidence should be given an interpretation most favorable to the plaintiff, we are clearly of the opinion that the trial court was in error in determining that plaintiff was guilty of contributory negligence as a matter of law.

We do not intend to intimate that we think the plaintiff ought to recover in this case; what we are deciding is that the trial judge committed error in deciding that question at the time and in the manner in which he did decide it.

For error in directing a verdict for the defendant, the judgment is reversed, and the cause remanded.

*Judgment reversed and cause remanded.*

FUNK, P. J., and PARDEE, J., concur.