## KING v BUEHRLE

Ohio Appeals, 9th Dist, Summit Co

No 2239. Decided July 24, 1933

Edward N. Heiser, Akron, for plaintiff in error.

Musser, Kimber & Huffman, Akron, for defendant in error.

ROBERTS, J (7th Dist) sitting in place of WASHBURN, PJ.

**OPINION**

By ROBERTS, J.

The plaintiff having rested, motion was made by counsel for the defendant for a directed verdict, which motion was sustained and a verdict directed, upon the theory that the plaintiff was guilty of contributory negligence—not in not observing the approach of the Peerless car operated by the plaintiff, but in attempting, as claimed, to exercise proper care. She looked to her right and did not see the automobile of the defendant approaching her. In so doing, it is claimed by counsel for the defendant that she undertook to exercise care for her safety, and having so undertaken, was negligent in not perceiving and safeguarding herself in some way against the approaching Peerless car.

Several authorities will now be cited upon the proposition as to when a verdict may be directed against a plaintiff on the ground of contributory negligence, and particularly when the plaintiff is a guest in the automobile of another person, in this instance in the automobile of her husband.

"1. Where any phase of the facts; as shown by the evidence upon the subject of contributory negligence, will warrant the inference that the plaintiff, at the time of the injury, was exercising due care, it cannot be said that plaintiff was guilty of contributory negligence, as a matter of law."

McMurtrie v Wheeling Traction Co., 107 Oh St 107.

"Where in an action for damages sounding in tort the testimony of the plaintiff clearly and unmistakably establishes negligence on the part of the plaintiff, directly and proximately contributing to the production of the injury complained of, and there is no evidence in the record tending to show that the negligence of the other party was wanton or wilful, and hence of such a character as to relieve against contributory negligence, it is the duty of the trial court, at the close of all the evidence, to direct a verdict in favor of the defendant, and the omission so to do is prejudicial error."

Youngstown & Suburban Ry. Co. v Faulk, 118 Oh St 480.

"1. Where it appears that, at the close of the plaintiff's testimony or at the close of the entire evidence there is no reasonable presumption other than that plaintiff's negligence proximately contributed to his injury, it becomes the duty of the court to sustain motions in defendant's favor for a directed verdict, unless the defendant's conduct amounts to wantonness or wilfulness."

Michalec, Admr. v Hutchison 123 Oh St 494.

"1. A guest riding in an automobile approaching a known railroad crossing on a public highway is required to so use his faculties of sight and hearing to discover dangers incident to such crossing, and to apprise the driver thereof, as would a person of reasonable and ordinary prudence under the same or similar circumstances.

"2. It is error for a trial court, at the conclusion of all the evidence, to direct a verdict for the defendant on the ground that the evidence shows the plaintiff guilty of contributory negligence, if there is a conflict as to any material fact involved in a determination of the question.

"3. If there is no conflict in the evidence as to any material fact involved in the determination of the question whether the plaintiff was guilty of contributory negligence, but from a consideration of the evidence it is doubtful whether plaintiff could have avoided the injury by the exercise of due care, a motion for a directed verdict at the conclusion of all the evidence should be overruled."

**Keiner v Wheeling & Lake Erie Ry. Co., 34 Oh Ap 409, (8 Abs 296).**

It was not contended in argument by counsel for the defendant that she was not guilty of negligence in the speed and manner of the operation of her Peerless automobile. The undisputed conditions disclosed by the evidence tend to so indicate. The distance which the plaintiff was propelled through the air from the force of the collision, the distance which the automobile in which she had been riding was forced across the intersection of the streets by the violence of the collision, and the distance which the Peerless car ran after the collision until it had been stopped, are all indicative of a high rate of speed.

As held in McMurtrie v Traction Co., supra, if any phase of the facts as shown by the evidence upon the subject of contributory negligence will warrant the inference that at the time of the accident the plaintiff was exercising due care, it cannot be said that she was guilty of negligence as a matter of law, and therefore a directed verdict against her would not be authorized.

As before stated, the plaintiff testified that she looked to the north before the car in which she was riding passed into the street intersection and did not see the defendant's car approaching. It is claimed that, in view of the fact that the cars came into collision at the intersection, the plaintiff was guilty of negligence in not seeing, or that she must have seen the car and was negligent in not advising her husband of its approach.

The defendant testified that she did not see the car in which the plaintiff was riding until the moment of contact.

It is a reasonable inference that, when the plaintiff looked to the north and failed to see the defendant's car, it was then operated in the rear of the other car approaching and not visible to the plaintiff; that immediately thereafter it passed the other car and came to the point of intersection at such a high rate of speed that the collision occurred without the approach of the Peerless car being observed by the plaintiff; and that it was in view only during the period of time between its passing of the other car and the moment of the collision.

The rule is given as to contributory negligence when applied to the conduct of a guest. Such person is required only to exercise such prudence as is ordinarily observed by persons similarly situated.

There is a natural reluctance on the part of guests to interfere with the operation of a car when it is being driven by some other person. There is no evidence in this case tending to indicate that the plaintiff was to any extent advised of or familiar with the manner in which a car could or should be operated, or as to what knowledge, if any, she had of her husband's ability in this respect, or in what manner he would accept any suggestion or interference from her in the manner of his operating the car.

Furthermore, it does not appear from the evidence that any alarm or notice which she might have given would have been at all effective to have avoided the collision.

These matters were not within the knowledge of the trial court and should have been submitted to the jury for its determination under proper instructions.

The question of the claimed negligence of the plaintiff was a question of fact to be determined by the consideration of numerous matters involved in the situation. The conclusion is reached that there was prejudicial error in the directing of this verdict by the trial court.

Plaintiff further complains of the refusal of the court to admit in evidence the testimony of a proffered witness as to the extreme speed at which the Peerless car was claimed to have been operated at a point about 1000 feet from the place of collision.

We think this testimony was competent and should have been admitted. The distance between the observation of the witness and the accident was not so great but that such testimony would have some bearing upon the speed of the car at the point of collision, and also would have been an indication at least of the willingness of the defendant at that time and under the cir-

cumstances to operate her car at an extreme and improper speed. The rejection of this testimony was also reversible error.

For these reasons the judgment of the Court of Common Pleas is reversed and the cause remanded.

FUNK and STEVENS, JJ, concur in judgment.